

FILED (JS)
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

22 JAN 27   AM 11: 54

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                                              CRIMINAL NO. 3:21-CR-149-DJH

**TIMOTHY ROUTON**                                            DEFENDANT

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United

States of America, by Michael A. Bennett, Acting United States Attorney for the Western

District of Kentucky, and defendant, Timothy Routon, and his attorney, William Butler, have

agreed upon the following:

1.      Defendant agrees to waive Indictment by the grand jury and to plead guilty to a

felony Information which will be filed against defendant by the United States Attorney for the

Western District of Kentucky.  That information will charge defendant with violations of Title

18, United States Code, Sections 2252A(a)(2)(B) and 2252A(b)(1), and Title 18, United States

Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).  Defendant further acknowledges that the

Information in this case will seek forfeiture of all visual depictions which were produced,

transported, mailed, shipped or received in violation of the law, and all of the rights, title, and

interests in any property, real or personal, used or intended to be used to commit or to promote

the commission of such offenses, or any property traceable to such property, including but not

limited to a) a black Sandisk 16 GB thumb drive; b) a blue PNY 16 GB thumb drive; c) a red

PNY 16 GB thumb drive; d) a white 8 GB thumb drive; e) a Western Digital Hard Drive, serial

number WCC4N6EEP3EX; f) a Toshiba Laptop, serial number YF0230838; and g) a Dell

Laptop, serial number 38037627937.

2.      Defendant has read the charges against him contained in the Information, and

those charges have been fully explained to him by his attorney.  Defendant fully understands the

nature and elements of the crimes with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to Counts 1 through 3 in this case.

Defendant will plead guilty because he is in fact guilty of the charges.  The parties agree to the

following factual basis for this plea:

> On or about April 14, 2019, in the Western District of Kentucky, the defendant,
> Timothy Routon, knowingly attempted to receive any material that contained child
> pornography, as that term is defined in 18 U.S.C. § 2256(8)(A), and knowingly
> accessed with intent to view, material that contained an image of child
> pornography, which material had been shipped and transported, using any means
> and facility of interstate and foreign commerce, and in and affecting interstate and
> foreign commerce by any means, including by computer.
>
> More specifically, on April 14, 2019, Routon used a computer to access and view
> a known website that facilitated the sharing of child sexual abuse and exploitation
> material. Routon, like all users of the website, was required to register and create a
> username (known as a "Nickname") and a password to gain access to the content
> of the website. Images and videos on the website depicted, among other things,
> prepubescent children engaged in sexually explicit conduct, including sexual
> intercourse with adult males.  For example, one such image available on the website
> on April 14, 2019, depicts a naked adult male inserting the tip of his penis into the
> vagina of a little girl approximately six to nine years old.  In addition to viewing
> the material on the website, Routon took substantial steps toward receiving the
> material by registering for the website, creating a username and password, and
> having numerous electronic media devices available on which to store the child
> sexual abuse and exploitation material, and many of which devices already
> contained such material.  The videos and images of child pornography that Routon
> attempted to receive from the website and knowingly accessed with intent to view
> on the website were produced and/or transported using means or facilities of
> interstate commerce.
>
> On or about July 14, 2020, in the Western District of Kentucky, Jefferson County,
> Kentucky, the defendant, Timothy Routon, knowingly possessed child
> pornography, as that term is defined in 18 U.S.C. § 2256(8)(A), that involved a

2

minor, who had not attained 12 years of age, and that had been transported in interstate commerce by any means, including by computer.

More specifically, on July 14, 2020, Special Agents with the Department of Homeland Security Homeland Security Investigations executed a federal search warrant at Routon's residence. Special Agents recovered numerous electronic media devices during the search that were subsequently determined to contain thousands of images and videos of child pornography that Routon had viewed on and/or saved to the devices at various times prior to July 14, 2020. Among the videos and images of child pornography that Routon possessed were some depicting prepubescent minors, who had not attained 12 years of age, and some depicting prepubescent minors engaged in sexual intercourse with adult males. The videos and images of child pornography that Routon possessed were transported in interstate commerce by any means, including by computer, prior to his possession of the images and videos.

4.    Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of five years, a combined maximum term of imprisonment of fifty years, a combined maximum fine of $750,000, and supervised release of at least five years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit all visual depictions which were produced, transported, mailed, shipped or received in violation of the law, and all of the rights, title, and interests in any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property, including but not limited to a) a black Sandisk 16 GB thumb drive; b) a blue PNY 16 GB thumb drive; c) a red PNY 16 GB thumb drive; d) a white 8 GB thumb drive; e) a Western Digital Hard Drive, serial number WCC4N6EEP3EX; f) a Toshiba Laptop, serial number YF0230838; and g) a Dell Laptop, serial number 38037627937.

3

5.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty.  In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law.  Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status.  Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below.  Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.      If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial.  The trial could either be a jury trial or a trial by the judge sitting without a jury.  If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that defendant is presumed innocent

4

and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.      At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8.      Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9.      Defendant agrees that any amount of restitution ordered by the Court shall include Defendant's total offense conduct, and is not limited to the counts of conviction. The parties acknowledge that as of the signing of this document, no victim has sought restitution in this case, but may do so prior to sentencing. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

10.     Defendant acknowledges liability for the special assessment mandated by 18

U.S.C. § 3013 and will pay the assessment in the amount of $300 to the United States District

Court Clerk's Office by the date of sentencing.  Defendant further acknowledges that he is

mandated to pay a $5,000 special assessment, per count, for a total of $15,000, pursuant to Title

18 U.S.C. § 3014, if the Court finds that he is non-indigent.

11.     At the time of sentencing, the United States will

> -recommend a sentence of imprisonment at the lowest end of the
> applicable Guideline Range, but not less than any mandatory
> minimum term of imprisonment required by law.
>
> -recommend a fine at the lowest end of the applicable Guideline
> Range, to be due and payable on the date of sentencing.[1]
>
> -recommend a reduction of 3 levels below the otherwise applicable
> Guideline for "acceptance of responsibility" as provided by
> §3E1.1(a) and (b), provided the defendant does not engage in
> future conduct which violates any federal or state law, violates a
> condition of bond, constitutes obstruction of justice, or otherwise
> demonstrates a lack of acceptance of responsibility.  Should such
> conduct occur and the United States, therefore, opposes the
> reduction for acceptance, this plea agreement remains binding and
> the defendant will not be allowed to withdraw his plea.
>
> -demand forfeiture of all visual depictions which were produced,
> transported, mailed, shipped or received in violation of the law,
> and all of the rights, title, and interests in any property, real or
> personal, used or intended to be used to commit or to promote the
> commission of such offenses, or any property traceable to such
> property, including but not limited to a) a black Sandisk 16 GB
> thumb drive; b) a blue PNY 16 GB thumb drive; c) a red PNY 16
> GB thumb drive; d) a white 8 GB thumb drive; e) a Western
> Digital Hard Drive, serial number WCC4N6EEP3EX; f) a Toshiba
> Laptop, serial number YF0230838; and g) a Dell Laptop, serial
> number 38037627937.

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Information, and that he
understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered
by the Court, said Notice and Penalty Pages are incorporated herein by reference.

Case 3:21-cr-00149-DJH   Document 13   Filed 01/27/22   Page 7 of 12 PageID #: 40

12.     Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A.     The Applicable Offense Level should be determined after completion of the presentence investigation by the United States Probation Office, pursuant to Fed. R. Crim. P. 32(c).  Both parties reserve the right to object to the presentence investigation report.

B.     The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.  The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

C.     The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

13.     Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.  Defendant

7

specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

14.     Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

15.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense[s] covered by this Agreement.

16.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service. Defendant further agrees to the entry of an order under Fed. R. Crim.

P. 6(e) authorizing the use of documents in possession of the Grand Jury to be used during the defendant's deposition as contemplated in paragraph 9 of this Agreement.

18.     Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

19.     The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant will be detained pending sentencing.

20.     It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

21.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

22.     The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 USC § 16901 et. seq), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the

9

location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that he must notify the relevant registration authority with information relating to intended travel outside the United States.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

      23.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
Acting United States Attorney

By:

*Stephanie M. Zimdahl*
_____
Stephanie M. Zimdahl
Assistant United States Attorney

_1/27/22_____
Date

10

I have read this Agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

_____                    ___1 -27-22_____
Timothy Routon                                                          Date
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the defendant.  To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____                    ___1/27/22_____
Stephanie M. Zindahl   William Butler            Date
Counsel for Defendant

MAB:SMZ

11

# FINANCIAL STATEMENT

United States Attorney's Office
Western District of Kentucky



---

## A. GENERAL INSTRUCTIONS - READ CAREFULLY

The purpose of this form is to give a complete and accurate picture of your financial condition so we may decide how to collect financial claims against you. If you are married, list assets held by your spouse, as well as yourself, and show whether each asset is owned individually or jointly. Before completing and submitting this form, you may discuss it with your own attorney. By completing and signing this financial statement, you acknowledge that the information provided will affect action by the United States Department of Justice and further understand that any false answers can lead to the termination or nullification of any potential settlement agreement reached and/or prosecution for false statements under Title 18, United States Code, Section 1001 (maximum prison sentence of five (5) years and/or a fine of not more than $250,000).

Each question must be answered completely. If the answer is "none", you must state "none." DO NOT leave any question unanswered.

Please date and initial each page, and sign the last page and accompanying Release. If there is insufficient space on the form, please attach additional sheets as necessary, and date and initial each additional page.

## B. ACKNOWLEDGMENT, IF REPRESENTED BY COUNSEL

If I am represented by retained or appointed counsel, I acknowledge having reviewed the foregoing instructions with my counsel. My counsel's name and telephone number:_____

_____

---

Name of Person Completing Form:

_____

First                                   Middle                                   Last

My Signature: _____ Date:_____

---

Authority for the solicitation of the requested information includes one or more of the following: 5 U.S.C. §§ 301, 901 (see Note, Executive Order 6166, June 10, 1933); 28 U.S.C. § 501-530A; 28 U.S.C. §§ 1651 , 3201-3206; 31 U.S.C. § 3701-3731; 44 U.S.C. § 3101; 28 C.F.R. §§ 0.160, 0.171 and Appendix to Subpart Y; 18 U.S.C. § 3664(d)(3); and Fed.R.Civ.33(a).

The principal purpose for gathering this information is to evaluate your ability to pay the government's claim or judgment against you. Routine uses of the information are established in the following U.S. Department of Justice Case File Systems published in Vol. 42 of the Federal Register, Justice/CIV-001 at page 53321; Justice/TAX-001 at page 15347; Justice/USA-005 at pages 53404-53407; Justice/USA-007 at pages 53408-53410; Justice/CRM-016 at page 12774. Disclosure of this information is voluntary. If the requested information is not furnished, the United States may seek disclosure through other means.

Revised 1/19/17

Page 1