UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                                          CRIMINAL NO. 3:21-CR-149-DJH

**TIMOTHY ROUTON**                                                          DEFENDANT

**SENTENCING MEMORANDUM**
*-Electronically Filed-*

The United States of America, by counsel, files its memorandum in support of sentencing in this action currently scheduled for April 28, 2022. The United States does not plan to call any witnesses at the hearing. For the reasons set forth below and pursuant to the plea agreement in this case, the government respectfully requests this Court sentence the defendant, Timothy Routon, to a sentence of 97 months' imprisonment, followed by a lengthy term of supervised release, a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

## I.      Factual Background

The interest of the defendant, Timothy Routon, in viewing material depicting the exploitation of children came to the attention of law enforcement when they discovered that, on April 14, 2019, he had accessed a known dark website whose primary purpose was to share and distribute child pornography. (DN 30, Presentence Investigation Report, ¶ 11.) The website required the use a "nickname" and password, along with entering a Captcha (a randomly generated series of characters), to gain access, ensuring that an individual did not accidentally access its content. (*Id.* at ¶ 11; DN 13, Plea Agreement, ¶ 3.) Images and videos on the website available at the time that

Routon accessed it depicted, among other things, prepubescent children engaged in sexual intercourse with adult males. (DN 30, Presentence Investigation Report. at ¶ 12; *see also* DN 9, Plea Agreement, ¶ 3.)

On July 14, 2020, agents with the Department of Homeland Security, Homeland Security Investigations (HSI) executed a federal search warrant at Routon's residence in Louisville, Kentucky. (DN 30, Presentence Investigation Report, ¶ 14.) During the search, HSI agents seized numerous electronic devices. (*Id*.) A forensic analysis subsequently performed on these electronic devices revealed that Routon was in possession of a large amount of child pornography material at the time of the execution of the search warrant. (*Id*. at ¶ 15.) A total of 8,360 still images depicting child pornography were ultimately found on Routon's devices by forensic examiners. (*Id*.) From those over 8,000 images, images from 175 known series of child pornography were identified. (*See id*. at ¶¶ 15, 17.)

Routon was charged federally in a Three-Count Information with Attempted Receipt of Child Pornography (Count 1), Accessing With the Intent to View Child Pornography (Count 2), and Possession of Child Pornography (Count 3). (DN 1.) On January 27, 2022, Routon pled guilty to all counts in the Information pursuant to a plea agreement with the government. (DN 13.) The minimum term of imprisonment in this case is five years, and the maximum term of imprisonment 20 years, as a result of the conviction on Count 1 of the Information. 18 U.S.C. § 2252A(b)(1).

## II. Guidelines Calculation

The United States agrees with the U.S. Probation Office's calculations contained within the Presentence Investigation Report. Routon's total offense level should be 30. The United States further agrees with the U.S. Probation Office's calculation of Routon's Criminal History Category of I. This combination of offense level and criminal history category produces a recommend

guideline term of imprisonment of 97 to 121 months. (DN 30, Presentence Investigation Report, ¶ 58.) As to the term of supervised release, the United States agrees with the statement in the PSR that the guidelines provide for a term of supervised release of five years to life, USSG § 5D1.2(b)(2), (*id*. at ¶ 58), and notes that the Policy Statement to the guidelines provides that if, as here, "the instant offense of conviction is a sex offense…the statutory maximum term of supervised release is recommended."

### III.   The 18 U.S.C. § 3553(a) Factors Warrant a Sentence of 97 Months' Imprisonment

The Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed–

   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B)   to afford adequate deterrence to criminal conduct;
   (C)   to protect the public from further crimes of the defendant; and

   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for--

   (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
      . . .

(5)   any pertinent policy statement--
      . . .

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

3

      (7)      the need to provide restitution to any victims of the offense.

### A. The Nature and Circumstances of the Offense

In this case, Routon stands convicted of child exploitation offenses, attempt receipt, accessing with intent to view, and possessing child pornography of an egregious variety, including the sexual abuse and assault of young children. There is no doubt that Routon's criminal conduct is serious, and his offense has been perpetrated against the most vulnerable members of our society. Children in the images and videos depicting their sexual abuse are traumatized and victimized in the worst way imaginable at the time the images were created, and they are re-victimized and re-traumatized each time an individual, like Routon, views the images for their own sexual gratification. As one Court eloquently explained:

> ...we have numerous victims in a case like this, not one victim. Every image of a child, every image of a non-adult engaged in any type of sexual activity or any type of pose without clothing or any type of exploitation constitutes an additional case of victimizing a child. Without a demand for that type of information and that type of viewing from persons like this defendant, we don't know how many child abuse cases we could prevent. And as long as there is a demand to purchase images of child pornography, there is going to be an unending stream of child abuse of…children who are forced into these roles.
>
> ...every image has a child who has been exploited and abused, and that is the concern I have. It is the concern that I have when people are engaged in serially doing this, the effect it has on children throughout the world and the effect it has on their future lives.

*See United States v. Miller*, 665 F.3d 114, 121-122 (5th Cir. 2011) (quoting the district court) (rejecting an attack on the child pornography guidelines and highlighting the grave harm caused to the victims depicted in child pornography images and the evidence that traffickers and possessors of child pornography are the impetus for the creation of more sexual abuse of minors).

**B. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and Provide Just Punishment for the Offense**

The sexual exploitation of children, including the viewing and possession of child sexual abuse material, has devastating consequences for the children depicted in these images and videos. Once they find their way onto the Internet, images and videos depicting the sexual abuse of a child will circulate in perpetuity because individuals make the repetitive and purposeful decision to view, collect, save, and trade them for their own sexual gratification. Furthermore, consumers of child pornography, like Routon, create a market and demand for the production of these images and videos, which depict the sexual abuse and exploitation of real children. These consumers therefore contribute to the cycle of abuse and are in part responsible for the harm suffered by the children used to produce the material they seek out and view. *See United States v. Goff,* 501 F.3d 250, 259-260 (3d Cir. 2007) ("Children are exploited, molested, and raped for the prurient pleasure of [defendant] and others who support suppliers of child pornography"); *see also United States v. Goldberg,* 491 F.3d 668, 672 (7th Cir. 2007) ("[C]hildren were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded-both consumed himself and disseminated to others. The greater the customer demand for child pornography, the more that will be produced.") (citations omitted). Thus, even if consumers of child pornography do not themselves molest children, their actions contribute to the abuse of children. Therefore, with respect to the factors under 18 U.S.C. § 3553(a)(2)(A), a sentence of 97 months' imprisonment is necessary in order to provide "just punishment" for the offense Routon committed, promote respect for federal child exploitation laws, and reflect the seriousness of his offense and child pornography offenses in general.

**C. History and Characteristics of the Defendant**

When considering Routon's history and characteristics, the government acknowledges that he has a criminal history score of zero. However, his lack of a criminal history was accounted for when

determining the applicable guidelines range. Therefore, it should not serve as a reason to vary from a guidelines sentence.

Furthermore, as this Court is well-aware, the online sexual exploitation of children is a crime that is committed in secret. This secrecy, combined with the overwhelming presence of digital devices and the near universal access to the Internet, makes detection of these criminal offenses difficult. This phenomenon is well demonstrated in this case by the countless times Routon engaged in this online conduct—all while employed at a non-profit organization that works with at-risk children—in order to accumulate a collection of over 8,000 images of child pornography before coming to the attention of law enforcement.

### D. The Need for the Sentence Imposed to Afford Adequate Deterrence

Congress, the Supreme Court, and the Sentencing Commission believe general deterrence is an important factor when considering an appropriate sentence. *See United States v. Fry*, 851 F.3d 1329, 1332 (D.C. Cir. 2017) (the sentence would deter Fry and "others who may be inclined in doing similar kinds of things."); *see also see also United States v. Ferber*, 458 U.S. 747, 760 (1982) ("The most expeditious if not the only practical method of law enforcement may be to dry up the market for [child pornography] by imposing severe criminal penalties on persons selling, advertising, or otherwise promoting the product"); *United States v. Goff*, 501 F.3d 250, 261 (3rd Cir. 2007) ("Deterring the production of child pornography and protecting the children who are victimized by it are factors that should have been given significant weight at sentencing."); *United States v. Barevich*, 445 F.3d 956, 959 (7th Cir. 2006) ("Transporting and receiving child pornography increases market demand. The greater concern under the Guidelines is for the welfare of these exploited children. The avenue Congress has chosen to weaken the child pornography industry is to punish those who traffic in it."). 18 U.S.C. § 3553(a)(2)(B) supports the imposition of a sentence of 97 months' imprisonment because Routon's sentence should be significant in order to

deter the criminal conduct of others. As the Seventh Circuit has stated, "[s]entences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor. The logic of deterrence suggests that the lighter the punishment for trafficking in child pornography, the greater the customer demand for it and so the more will be produced." *Goldberg,* 491 F.3d at 672.  As such, this Court is in the position to send a loud and clear message to those individuals who, like Routon, are willing to exploit children for their own sexual gratification. The child pornography crimes of conviction in this case are serious crimes that warrant the imposition of a significant sentence.

### IV.    Restitution

Along with the innumerable unidentified victims of Routon's criminal conduct, there were 175 known series identified as involved in this case, as images from these series of child pornography were possessed by Routon at the time of the execution of the search warrant at his residence in July 2020. Some of these series involve more than one victim, meaning that there are *more than* 175 identified victims in this case. Nineteen of these more than 175 victims have requested restitution and submitted documentation in support of their requests. All supporting documentation has been shared with the defendant, defense counsel, and the United States Probation Office and the United States has served as a conduit between counsel for the victims and counsel for the defendant to address restitution in this case. On behalf of the victims, the United States requests that the Court enter an order of restitution in the amount of $3,000 for each of these nineteen victims, for a total amount of restitution of $57,000 in this case. The United States anticipates that the defendant will agree to this restitution order at the time of sentencing.

## V. Conclusion

For the reasons set forth herein, the United States respectfully requests the Court to apply the Sentencing Guidelines, as outlined above, follow the statutory directives set out in 18 U.S.C. § 3553(a), and impose a sentence of 97 months' imprisonment followed by a lengthy term of supervised release.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

/s/ *Stephanie M. Zimdahl*
Stephanie M. Zimdahl
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
PH:  (502) 582-6217

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

/s/ *Stephanie M. Zimdahl*
Stephanie M. Zimdahl
Assistant U.S. Attorney