## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE

**UNITED STATES OF AMERICA**                                                     **PLAINTIFF**

                                                      **CASE NO.: 3:21-cr-00149-DJH**

**vs.**

### DEFENDANT'S SENTENCING MEMORANDUM

                                                      *ELECTRONICALLY FILED*

**TIMOTHY ROUTON**                                                             **DEFENDANT**

*  *  *  *  *  *  *  *  *  *

The offenses to which Timothy Routon entered a guilty plea has a statutory mandatory minimum five year sentence.

### PLEA AGREEMENT

The United States pursuant to FRCP 11(c)(1)(B) agrees to recommend to the Court a sentence at the lowest end of the applicable guideline range. That sentence would be 97 months.

### HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Timothy Routon is 63 years old. He worked in IT and Graphics from 2006 to 2021. He is a graduate of Moore High School and then attended the University of Louisville for three years. He has been divorced since 1992. He is in poor health. In 2011 he underwent coronary bypass surgery. He has chronic back pain due to nerve problems. In February 2022 the results of a prostate biopsy revealed prostate cancer. His physician from First Urology in Louisville Kentucky, Matt Peterson, M.D. has stated that

> "This prostate cancer does have the potential to metastasize, and workup immediately is strongly indicated. The evaluation for this would include imaging studies at the hospital, follow-up visits with me and then determining a treatment plan. The scope of this evaluation and treatment plan would probably be several

months. He is at a very high risk of worsening of his disease from failure to appropriately follow-up and manage this cancer."

## NATURE AND CIRCUMSTANCES OF CURRENT OFFENSE

In addition to viewing child pornography, Mr. Routon registered for the website and had electronic media devices to store the material. A forensic analysis of seized devices from Mr. Routon's residence showed 8,360 still images depicting child pornography.

There is no question that children photographed to make these images were abused. However, it is not alleged that Mr. Routon had contact with any children who were abused nor did he make any specific requests for any specific photographs. He did not traffic in this material.

## SENTENCING FACTORS

Mr. Routon has no prior offenses. Having given due consideration to a defendant's history and characteristics and to the nature and circumstances of the offense, the Court must, subject to the principle of parsimony, identify a sentence that reflects the seriousness of the offense, promotes respect for the law, provides a just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from further crimes of the defendant, though "a particular purpose may apply differently, or even not at all, depending on the kind of sentence under consideration." Tapia v. United States, -- U.S. --, 131 S.Ct. 2382, 2387-88 (2011). In other words, the Court is tasked with balancing the goals of sentencing in determining a fair and appropriate disposition. see ABA STANDARDS ON CRIMINAL JUSTICE, sentencing 18-6.1(a), p. 219 ("the sentence imposed should be no more severe than necessary to achieve the societal purposes for which it is authorized.").

While we appreciate the facial attraction of general deterrence theory is appreciated, it is respectfully submitted that whatever sentence is imposed here will have little impact on others

engaging in criminal conduct.  see Kittrie, et al., SENTENCING, SANCTIONS AND CORRECTIONS: FEDERAL AND STATE LAW, POLICY, AND PRACTICE, 29 (2d ed. 2002) ("generally speaking, … legal and sociological scholars have raised serious questions about the power of any punishment to deter crimes.") (citation omitted).  The weakness of general deterrence theory is underscored by its reliance on the flawed "underlying assumption that people weigh rationally the consequences of their behavior."  Arthur W. Campbell, LAW OF SENTENCING, § 2:2 (2d ed. 1991) (citations omitted).  Indeed, often, as here, mental health considerations present strongly in child pornography cases.

The larger and more relevant consideration in this case should be specific deterrence, and its sister aim of reducing recidivism.  Because this case marks Mr. Routon's only involvement with the criminal justice system, a lengthy sentence is typically unwarranted:

> Obviously, a major reason for imposing an especially long sentence upon those who have committed prior offenses is to achieve a deterrent effect that the prior punishments failed to achieve.  That reason requires an appropriate relationship between the sentence for the current offense and the sentences, particularly the times served, for the prior offenses.…  [i]f a defendant served no time or only a few months for the prior offenses, a sentence of even three or five years for the current offense might be expected to have the requisite deterrent effect.

United States v. Mishoe, 241 F.3d 214, 220 (2d Cir. 2001).

It is also widely recognized that the shame and humiliation associated with arrest and the uncovering of private behavior, distinguishes sex offenders from other categories of defendants. In other words, the mere uncovering of the conduct itself tends to result in low recidivism rates:

> [w]ith arrest and the other shocking consequences of being discovered, those uncertain boundaries [stemming from one's own prior victimization] are suddenly and vividly redrawn.  For most, that drawing emerges with very hard lines.  More than with any other class of offender, getting caught leaves sex offenders humiliated, shamed and shaken to the core.  Being hand-cuffed and hauled away from decent society is a shattering experience for anyone, but it all the more

3

> electrifying and soul-stripping when the nature of the offense is as intimate and shameful a secret as is a sex crime.

Eric Lotke, <u>Politics and Irrelevance: Community Notification Statutes</u>, 10 Fed. Sent. Rprtr. 64 (Sept./Oct. 1997)(citation omitted).

Because Mr. Routon faces both the prospect of having to register as a sex offender (with all the attendant conditions), treatment and rehabilitation is what is necessary to reform his conduct, reduce the risk of relapse, and prevent any possibility of recidivism. To the extent that rehabilitation is to be achieved through the sanction imposed here, the law recognizes that imprisonment is not a proper vehicle to such an end. <u>see</u> <u>Tapia</u>, 131 S.Ct. at 2390 ("do not think about prison as a way to rehabilitate an offender."); <u>see</u> 18 U.S.C. § 3582(a) and 28 U.S.C. § 994(k). Through his guilty plea Mr. Routon demonstrated "that he is ready and willing to admit his crime and to enter the correctional system in a frame of mind that affords hope for success in rehabilitation over a shorter period of time than might otherwise be necessary." <u>Brady v. United States</u>, 397 U.S. 742, 753 (1970). Indeed, while incarceration is a potential tool for facilitating specific deterrence, its recognized deleterious effects run counter to rehabilitation:

> imprisonment … excludes offenders from economic and political participation, and loosens prisoners' relationships with families and communities. while prison may not necessarily function as a 'crime school,' it destroys many of the connections an offender ultimately needs to regain his place in society.

Nora v. Demleitner, <u>Smart Public Policy:  Replacing Imprisonment with Targeted Non-Prison Sentences and Collateral Sanctions</u> in A MORE PERFECT SYSTEM: TWENTY-FIVE YEARS OF GUIDELINES SENTENCING REFORM, 58 Stanford L.R. 1, 345 (2005) (citations omitted).

It is further submitted that whatever treatment Mr. Routon is to receive, it is better provided in the community than in prison. This is particularly true in light of the widespread

4

criticism that the BOP's sex offender "treatment" program has received from experts reviewing its treatment modalities.  see United States v. Johnson, 588 F. Supp.2d 997, 1006 (S.D. Iowa 2008) (BOP's "'whole approach' is rejected by the treatment and scientific community") (citations omitted); see United States v. Phinney, 599 f.supp.2d 1037, 1045 (E.D.Wis. 2009); cf. United States v. C.R., 792 F. Supp. 2d 343, 511 (E.D.N.Y. 2011).

## REQUESTED SENTENCE

In light of Mr. Routon's history and characteristics, the totality of circumstances surrounding his offense conduct, and the individualized considerations set forth above, as well as his poor health including his prostate cancer, we respectfully request that the court sentence Mr. Routon to 60 months in prison, a sentence that is sufficient but not greater than necessary to meet the ends of justice.

Respectfully submitted,

s/ William M. Butler, Jr.
WILLIAM M. BUTLER, JR.
500 West Jefferson Street
Suite 1520
Louisville, Kentucky 40202
(502) 582-2020 Telephone
(502) 583-8007 Fax
Email: wmb@kycriminallawyer.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of April, 2022 I electronically filed Defendant's Motion to Continue Sentencing with the Clerk of the Court by using the CM/ECF System which will send notice of electronic filing to the Honorable Stephanie Zimdahl, Assistant United States Attorney.

s/ William M. Butler, Jr.
WILLIAM M. BUTLER, JR.